UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 2:15-cr-55-NT |
| | ) | |
| GREGORY OWENS | ) | |

**GOVERNMENT'S *AMENDED* OBJECTION TO
DEFENDANT'S MOTION TO DISMISS THE INDICTMENT**

NOW COMES the United States of America, by and through its attorneys, Thomas E. Delahanty II, United States Attorney for the District of Maine, and Darcie N. McElwee, Assistant United States Attorney, and hereby objects to the defendant's motion to dismiss the indictment (Document 40). For the reasons set forth below, the defendant's motion is without merit and should be summarily denied on all grounds.

**PROCEDURAL HISTORY**

**A.    The Federal Interstate Domestic Violence Case**

On January 10, 2015, U.S. Magistrate Judge John H. Rich III issued an arrest warrant for the Defendant upon the filing of a *two-count* criminal complaint (ECF Document 1) charging the Defendant with interstate domestic violence for his travel from Londonderry, New Hampshire to Saco, Maine on December 18, 2014 with the intent to injure, kill and harass his wife who was staying in Saco, Maine, *and discharge of a firearm during and in relation to that same federal crime of violence*. Since that date, the Defendant has remained in primary federal custody. On March 11, 2015, a federal grand jury returned a *two*-count indictment against the Defendant for the same *charges*. Trial is presently scheduled for August 2015.

1

**B.	The State Attempted Murder Case**

In February 2015, a grand jury sitting in the Maine Superior Court in York County, Alfred, Maine returned a multi-count indictment charging the Defendant with, among other counts, aggravated attempted murder, arising out of a home invasion shooting which took place at the Saco residence where his wife was a guest. To date, no trial has started and no jury has been empaneled.

**ARGUMENT**

The defendant argues for a dismissal of the indictment based on alleged violations of the Double Jeopardy Clause and the Department of Justice (DOJ)'s *Petite* Policy. As further discussed below, the Double Jeopardy Clause does not support the defendant's request for dismissal of the indictment against him and the federal internal charging policy affords him no rights or claims against the pending federal prosecution. Accordingly, the Defendant's motion to dismiss the indictment should be summarily denied without a hearing.

**APPLICABLE LAW**

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. IV. No person may be subject to a second prosecution following an acquittal or conviction or to multiple punishments for the same offense. *United States v. Patel*, 370 F.3d 108, 114 (1st Cir. 2004); *United States v. Stoller*, 78 F.3d 710, 714 (1st Cir. 1996).

A prior state prosecution does not legally bar a subsequent federal prosecution under the Double Jeopardy Clause because of the doctrine of dual sovereignty. See *Abbate v. United States*, 359 U.S. 187 (1959)), and a prior prosecution does not legally bar a subsequent state or federal prosecution under the Double Jeopardy Clause because each offense requires proof of an

element not contained in the other. See *United States v. Dixon*, 509 U.S. 688 (1993); *Blockburger v. United States*, 284 U.S. 299 (1932).

"A defendant claiming double jeopardy has the burden of presenting evidence to establish a *prima facie* non-frivolous double jeopardy claim. Once such a claim is established, the burden shifts to the government to prove by a preponderance of the evidence that the indictments charge separate offenses." *United States v. Booth*, 673 F.2d 27, 30-31 (1st Cir. 1982); *see, e.g., United States v. Sturman*, 679 F.2d 840, 844 (11th Cir. 1982) ("It is undisputed that the burden of going forward by putting the double jeopardy claim in issue is and should be on the defendant. It is similarly reasonable to require the defendant to tender a *prima facie* non-frivolous double jeopardy claim before the possibility of a shift of the burden of persuasion to the government comes into play.").

In most double jeopardy cases, courts use the "same evidence" test articulated in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932), to decide whether two offenses are the same offense for double jeopardy purposes. *Booth*, 673 F.2d at 29. This test ordinarily requires a determination whether each offense requires an element of proof that the other does not. *See, e.g., United States v. LiCausi*, 167 F.3d 36, 46 (1st Cir. 1999).

It is the defendant's burden to present evidence to make an initial showing of a *prima facie* non-frivolous double jeopardy claim; but a defendant's unsupported assertions of a Double Jeopardy violation are not evidence of such a violation. *See, e.g., INS v. Phinpathya*, 464 U.S. 183, 188–89 n. 6, 104 S.Ct. 584, 78 L.Ed.2d 401 (1984) (unsupported statements of counsel in a brief are not evidence); *Skyline Corp. v. N.L.R.B.,* 613 F.2d 1328, 1337 (5th Cir. 1980) ("Statements by counsel in briefs are not evidence."); *United States ex rel. Bradshaw v.*

*Alldredge*, 432 F.2d 1248, 1249 n 1 (3rd Cir. 1970) ("We have repeatedly held that statements by counsel in briefs or in court are not evidence").

The *Petite* Policy, an internal DOJ policy, discourages the federal prosecution of cases where there has been a prior state or federal prosecution. This is generally referred to as the "Petite" or "dual and successive prosecution" policy." *See Petite v. United States*, 361 U.S. 529 (1960). This policy applies whenever there has been a prior state or federal prosecution resulting in an acquittal, a conviction, including one resulting from a plea agreement, or a dismissal or other termination of the case on the merits after jeopardy has attached. See *U.S. Attorney's Manual* § 9-2.031

All of the federal circuit courts that have considered the question of the Petite Policy have held that a criminal defendant cannot invoke the DOJ's policy as a bar to federal prosecution. See, e.g., *United States v. Snell*, 592 F.2d 1083 (9th Cir. 1979); *United States v. Howard*, 590 F.2d 564 (4th Cir. 1979); *United States v. Frederick*, 583 F.2d 273 (6th Cir. 1978); *United States v. Thompson*, 579 F.2d 1184 (10th Cir. 1978) (en banc); *United States v. Wallace*, 578 F.2d 735 (5th Cir. 1978); *United States v. Nelligan*, 573 F.2d 251 (5th Cir. 1978); *United States v. Hutul*, 416 F.2d 607 (7th Cir. 1969). The Supreme Court, in analogous contexts, has concluded that DOJ policies governing its internal operations do not create rights which may be enforced by defendants against the DOJ. See *United States v. Caceres*, 440 U.S. 741 (1979); *Sullivan v. United States*, 348 U.S. 170 (1954).

## **CONCLUSION**

The York County charges, filed after the federal charges, simply do not bar a federal prosecution of the Defendant based on the doctrine of dual sovereignty. Additionally, the elements of a federal interstate domestic violence charge, which is completed at the time a

defendant crosses state lines with the requisite intent to injure, kill or harass an intimate partner (*see* 18 U.S.C. § 2261A), are distinctly different than those of an aggravated attempted murder charge (*see* 17-A M.R.S.A. § 152-A(1)(A) and (B)).

The Defendant has failed to make a *prima facie* showing of a non-frivolous Double Jeopardy violation. No jeopardy has attached in either the state or federal cases pending against the Defendant. Even if jeopardy had attached, dual sovereignty protects the government's federal prosecution, which preceded the State's as to this defendant.

Likewise, the Defendant has no standing to make a claim of a *Petite* policy violation. Accordingly, his motion should be denied without a hearing.

Dated: July 27, 2015　　　　　　　　　　　　　　　　Thomas E. Delahanty II
　　　　　　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Darcie N. McElwee
　　　　　　　　　　　　　　　　　　　　　　　　　Assistant U.S. Attorney

**UNITED STATES DISTRICT COURT
DISTRICT OF MAINE**

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that on July 27, 2015, I electronically filed the Government's Objection to Defendant's Motion to Dismiss with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

      Sarah Churchill, Esq.
      schurchill@nicholswebb.com

      Thomas E. Delahanty II
      United States Attorney

      /s/ Darcie N. McElwee
      Assistant United States Attorney
      United States Attorney's Office
      100 Middle Street
      Portland, Maine 04101
      (207) 771-3227
      darcie.mcelwee@usdoj.gov