UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 2:15-cr-55-NT |
| | ) | |
| GREGORY OWENS | ) | |

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF OBJECTION TO DEFENDANT'S MOTION TO SUPPRESS CAR HOOD SEARCH**

Following an evidentiary hearing and oral argument on a series of motions to dismiss and suppress filed by the defendant, the Court requested supplemental briefing on the issue of whether a Londonderry, New Hampshire police officer's entry onto the defendant's driveway for purposes of touching the hood of his vehicle was violative of the Fourth Amendment. The government asserts that the officer's actions were legal based on *United States v. Brown*, 510 F.3d 57, 64 (1st Cir. 2007)(citing *United States v. Dunn*, 480 U.S. 294 (1987), despite the more recent holding of *Florida v. Jardines*, _____ U.S._____,133 S.Ct. 1409 (2013). Alternatively, should the Court determine that Officer Dyer's actions required a warrant, the government asserts that exigent circumstances justified a warrantless search of the car's hood at the time. Accordingly, the defendant's motion to suppress should be denied.

**MEMORANDUM OF LAW**

The Fourth Amendment protects persons from warrantless arrest inside their homes or other places where they have a reasonable expectation of privacy. *Brown*, 510 F.3d at 64 (citing *Payton v. New York,* 445 U.S. 573, 586–87, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980); *United States v. Cruz Jiménez,* 894 F.2d 1, 6 (1st Cir.1990)). One such place is the curtilage of the home. *Brown* at 64 (citing *Bilida v. McCleod,* 211 F.3d 166, 171 (1st Cir.2000)).

Past cases of the First Circuit Court of Appeals "reveal a number of general principles with respect to driveways" which appear to be clearly and unequivocally stated in *Brown*. "If the relevant part of the driveway is freely exposed to public view, it does not fall within the curtilage." *Brown* at 65. "We endorse the position of the Seventh and Eighth Circuits as the more doctrinally sound." *Id*. at footnote 7. Compare *United States v. French*, 291 F.3d at 953 (7th Cir.2002) (driveway in public view not part of curtilage); and *United States v. Ventling*, 678 F.2d 63, 66 (8th Cir.1982) (open driveway in public view not curtilage despite "No Trespassing" signs). The now firm position of the Court that a driveway is not curtilage for Fourth Amendment purposes "holds true even where the relevant part of the driveway is somewhat removed from a public road or street, and its viewing by passersby is only occasional." *Brown* at 65 (citing *United States v. Hensel*, 699 F.2d 18, 32–33 (1st Cir.1983). The *Brown* Court continued:

> Hence in order for a part of a driveway to be considered within the home's curtilage, public viewing of it must be, at most, very infrequent. The remoteness of the relevant part of the driveway and steps taken by the resident to discourage public entry or observation militate toward a finding that it falls within the curtilage.

See *United States v. Diehl*, 276 F.3d at 37, 41 (relevant part of driveway fell within curtilage where it was reached only by proceeding 700 feet along discontinued town road and then 500 feet along the driveway; residents had posted "no trespassing" signs at its entrance, had their mail delivered to a post office box in town, and had instructed United Parcel Service to leave parcels at a store; and members of the public hardly ever entered). *Brown* at 65.

"Whether a given location falls within the home's curtilage" is determined by whether it is "so intimately tied to the home itself that it should be placed under the home's 'umbrella' of Fourth Amendment protection." *Brown* at 64 (quoting *United States v. Dunn,* 480 U.S. 294, 301

(1987)) (internal quotation marks omitted). The Supreme Court has identified four specific criteria to guide the analysis:

> (1) the proximity of the area claimed to be curtilage to the home, (2) whether the area is included within an enclosure surrounding the home, (3) the nature of the uses to which the area is put, and (4) the steps taken by the resident to protect the area from observation by people passing by.

*Brown* at 65 (1st Cir. 2007)(quoting *Dunn* at 301).

The First Circuit's test for determining exigent circumstances "is whether there is such a compelling necessity for immediate action as will not brook the delay of obtaining a warrant." *United States v. Almonte*, 952 F.2d 20, 22 (1st Cir. 1991) (citation and internal quotation marks omitted). For example, "[a]n officer's reasonable belief that the delay needed to obtain a warrant would pose a threat to police or the public safety is sufficient to create exigent circumstances." *Fletcher v. Town of Clinton*, 196 F.3d 41, 49 (1st Cir. 1999) (citation and internal quotation marks omitted) (emphasis in original). See also *United States v. Beaudoin*, 362 F.3d 60, 66 (1st Cir. 2004), *vacated and remanded on other grounds sub nom. Champagne v. United States*, 534 U.S. 1102 (2005) ("[W]arrantless entries are most often justified by 'exigent circumstances,' the best examples being hot pursuit of a felon, <u>imminent destruction or removal of evidence</u>, the threatened escape by a suspect, or imminent threat to the life or safety of the public, police officers, or a person in residence.") (citation, internal quotation marks, and emphasis added).

**ARGUMENT**

The first *Dunn* factor weighs in favor that a driveway is not curtilage. Despite the short driveway involved here, "proximity to the dwelling house is not dispositive." *Id*. (quoting *United States v. French,* 291 F.3d 945, 952 (7th Cir.2002)). The second *Dunn* factor also falls squarely in the government's column as the record is clear that there was no enclosure surrounding any of the defendant's property. *Id.* As for the third and fourth factors, the defendant could have no

3

reasonable expectation of privacy in his driveway, "an outdoor area to which members of the public were given ready access." *Id*.

During oral argument following the evidentiary hearing held in this case, the Court expressed concern that the decision of *Jardines* (and even in *United States v. Jones, 565 U.S. ____, 132 S.Ct. 945, 950 (2012))* might translate here to the conclusion that Officer Dyer's walking onto the defendant's driveway for the purpose of touching the defendant's car hood with his hand was a Fourth Amendment search. But a human hand, police or not, is no "trained drug detection dog" or "super-high-powered binoculars." See *Jardines*, 133 S. Ct. at 1419 (Kagan, J., concurring). Justice Kagan's concurrence is also informative of this Court's inquiry as she describes the relevance of the Court's decision in *Kyllo v. United States*, 533 U.S. 27 (2001) to the analysis. The *Kyllo* Court held that:

> [P]olice officers conducted a search when they used a thermal-imaging device to detect heat emanating from a private home, even though they committed no trespass. Highlighting our intention to draw both a "firm" and a "bright" line at "the entrance to the house," we announced the following rule: "Where, as here, the Government uses a device that is not in general public use, to explore details of the home that would previously have been unknowable without physical intrusion, the surveillance is a 'search' and is presumptively unreasonable without a warrant." That "firm" and "bright" rule governs this case: The police officers here conducted a search because they used a "device ... not in general public use" (a trained drug-detection dog) to "explore details of the home" (the presence of certain substances) that they would not otherwise have discovered without entering the premises.

*Jardines* at 1419. By simply entering the defendant's driveway for a few moments to touch the hood of his car with his bare hand, Officer Dyer did not use any special device nor did he explore the details of the defendant's home. The information he sought, that is the temperature of the hood of the vehicle, did not require Officer Dyer to enter the premises of the defendant's home.

*Jardines* did not overrule *Dunn*. For reasons stated above, many courts post-*Jardines* have cited and discussed the two cases in combination. Under the *Brown* and *Dunn* standard, the

4

defendant's driveway is simply not curtilage and therefore carries no Fourth Amendment protection.

In the alternative, should the Court conclude that a Fourth Amendment search occurred on the defendant's curtilage upon Officer Dyer's entry into the driveway to touch the car hood, the government also relies upon the argument that Officer Dyer's warrantless entry was lawful under the "exigent circumstances" doctrine in that the warmth of the defendant's hood, had the vehicle been recently driven, would have been "lost or destroyed" by the cold air of an early morning in December in New Hampshire.

## **CONCLUSION**

Regarding his motion to suppress the evidence gleaned from a law enforcement officer touching a vehicle parked in his driveway on December 18, 2014 (ECF Document 43), the actions of Officer Dyer in touching the defendant's vehicle hood with his hand in the defendant's driveway did not violate the Fourth Amendment as the defendant enjoys no expectation of privacy in his driveway where the car was parked. The defendant's motion to suppress should be denied.

Dated: September 21, 2015 		Thomas E. Delahanty II
United States Attorney

/s/ Darcie N. McElwee
Assistant U.S. Attorney

**UNITED STATES DISTRICT COURT
DISTRICT OF MAINE**

**CERTIFICATE OF SERVICE**

     I hereby certify that on September 21, 2015, I electronically filed the Government's Supplemental Brief Regarding Objection to Defendant's Motions to Suppress with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

     Sarah Churchill, Esq.
     schurchill@nicholswebb.com

     Thomas E. Delahanty II
     United States Attorney

     /s/ Darcie N. McElwee
     Assistant United States Attorney
     United States Attorney's Office
     100 Middle Street
     Portland, Maine 04101
     (207) 771-3227
     darcie.mcelwee@usdoj.gov